FILED

2014 May-12  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ORLANDO V. WILLIAMS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **4:13-cv-1825-KOB** |
| | } | |
| **ALABAMA DEPARTMENT OF** | } | |
| **INDUSTRIAL RELATIONS, ET AL.,** | } | |
| | } | |
| **Defendants.** | } | |
| | } | |
| | } | |
| | } | |
| | } | |

## MEMORANDUM OPINION

This matter comes before the court on Defendants' motions to dismiss.  (Doc. 33). *Pro se* Plaintiff Orlando Williams brings this action against Defendants Alabama Department of Industrial Relations, Thomas Surtees and Stephen McCormick, claiming disability discrimination and retaliation under Section 504 of the Rehabilitation Act of 1973, as well as "deprivation of Plaintiff's federal statutory rights" under 42 U.S.C. § 1983.  (Doc. 29).  Defendants move for the court to dismiss the action in its entirety with prejudice, arguing that the complaint fails to state a claim upon which relief can be granted and that Mr. Williams failed to exhaust his administrative remedies, along with other defenses.  (Doc. 33).  Although the Defendants do not specifically reference the Rule under which they bring their motion, the court interprets it as being pursuant to Rule 12(b)(1) and Rule 12(b)(6) because they address issues of jurisdiction and whether Mr. Williams adequately stated his claim.

1

For the following reasons, the court will GRANT IN PART and DENY IN PART Defendants' motion, DISMISS Count I of this action WITHOUT PREJUDICE and DISMISS Count III WITH PREJUDICE except for the specific portion alleging retaliation in violation of constitutional provisions.

According to Mr. Williams's Third Amended Complaint, Plaintiff Orlando Williams is a disabled individual who is also perceived to be disabled by Defendant Alabama Department of Industrial Relations ("ADIR"). (Doc. 29, ¶¶ 12-13). Defendant Thomas Surtees is the director of ADIR. (Doc. 29, ¶ 8). Defendant Stephen McCormick is an officer of the board of appeals for ADIR. (Doc. 29, ¶ 9).

On October 25, 2011, presumably in the context of an unemployment compensation claim appeal, ADIR interviewed Mr. Williams via the telephone and recorded his testimony in accordance with state law. (Doc. 29, ¶ 15). On October 27, 2011, Walter S. Trawick, one of ADIR's Administrative Hearing Officers, mailed ADIR's decision to Mr. Williams, affirming the Examiner's determination that Mr. Williams was disqualified from collecting benefits. (Doc. 29, ¶ 16; Doc. 1, Exhibit H). In the "findings" portion, the letter stated: "Although the claimant states that he was advised by his doctor to quit the job, he did not provide any medical verification to the employer or to the Agency that he was advised by his doctor to do so." (Doc. 29, ¶ 17; Doc. 1, Exhibit H). In the "conclusions" portion, the letter stated: "However, no evidence was presented in the hearing to show that the claimant was advised by a physician to quit his job." (Doc. 29, ¶ 17; Doc. 1, Exhibit H). The letter also included a section explaining to Mr. Williams how to appeal the decision. (Doc. 1, Exhibit H).

Subsequent to ADIR's decision, Mr. Williams filed a complaint with the U.S.

Department of Labor's Civil Rights Center ("CRC").  (Doc. 29, ¶ 20).  On November 9, 2011,

upon review of Mr. Williams's complaint, the CRC determined that he had not established an

inference of discrimination based on disability or political affiliation—his claims in the CRC

complaint—*and* that he had not availed himself of the full appeal process all the way to the

courts, as was required before filing a CRC complaint; therefore, the CRC closed Mr. Williams's

complaint without prejudice to refile.  (Doc. 29, ¶¶ 20-21; Doc. 1, Exhibit A).

On November 1, 2011, Mr. Williams filed a timely appeal of ADIR's decision to the

State Board of Appeals, Department of Industrial Relations.  (Doc. 29, ¶ 19; Doc. 1, Exhibit I).

On November 18, 2011, the Board of Appeals denied Mr. Williams's application for leave to

appeal and informed him of his right to appeal its decision in the circuit court of his county of

residence. (Doc. 1, Exhibit I).  The notification that the Board of Appeals mailed to Mr. Williams

did not include any explanation of the Board's findings or any reasons for denying the

application for appeal. (Doc. 1, Exhibit I).

## II.   STANDARD OF REVIEW

Rule 12(b)(1) attacks claiming lack of subject matter jurisdiction come in two forms:

facial attacks and factual attacks.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

"Facial attacks on the complaint require the court merely to look and see if the plaintiff has

sufficiently alleged a basis of subject matter jurisdiction, and the allegations in this complaint are

taken as true for the purposes of the motion."  *Id*. at 1529 (internal quotations omitted).  Factual

attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of

the pleadings, and matters outside the pleadings, such as testimony and affidavits, are

considered."  *Id*.

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

4

The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard.  The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal,* 556 U.S. at 678.  The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.

Thus, under the first prong, the court determines the factual allegations that are well-pled and assumes their veracity, and then proceeds, under principle two, to determine the claim's plausibility given the well-pled facts.  That task  is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.  *Id.*

## III.   DISCUSSION

As a preliminary matter, the court notes that Mr. Williams's Third Amended Complaint attempts to adopt and reallege his "original, first reinstated amended Complaint, and second amended Complaint" in several different paragraphs of his Third Amended Complaint.  (Doc. 29 ¶¶ 1, 11, 18, 23, 32, 38).  To the extent that these paragraphs attempt to incorporate the exhibits to the original complaint—which Mr. Williams refers to throughout his Third Amended Complaint—the court will allow that incorporation by reference and consider those exhibits for the purposes of this motion in light of Mr. Williams's *pro se* status.  To the extent, however, that these paragraphs attempt to incorporate the claims and factual statements of the previous

5

complaints, some of which this court explicitly disallowed (docs. 4 & 6), the court will STRIKE all of these incorporation paragraphs from the Third Amended Complaint.  Going forward, the only counts that will be considered a part of this case are those that are actually spelled out in the Third Amended Complaint.  (Doc. 29).  Should Mr. Williams file another amended complaint subsequent to this ruling, he should not attempt to incorporate anything from his past complaints, but should include all relevant facts, claims and exhibits in the amended complaint itself.

In considering Defendants' motion to dismiss, the court must note that Defendants are guilty of the very crime with which they charge the Mr. Williams: alleging conclusory legal jargon. Defendants' motion asserts no less than eleven reasons why the complaint should be dismissed, but cites only eight cases, including *Iqbal* and *Twombly*, to support these arguments. (Doc. 33). Furthermore, most of the cases they *do* cite are sprinkled into their arguments, accompanied by little to no actual legal analysis.  This court is not responsible for developing Defendants' legal arguments where the Defendants themselves have failed to do so, any more than it should develop Plaintiff's claims.

A.      Statement of the Claim

The argument that Defendants give the most lengthy analysis in their brief is the argument that Mr. Williams has failed to state a claim on which relief can be granted.  The court will analyze this argument for each of Mr. Williams's three counts.

i.      Count I: Disability Discrimination under Section 504 of the Rehabilitation Act of 1973

Mr. Williams alleges that Defendant ADIR discriminated against him because of his disability in violation of Section 504 of the Rehabilitation Act of 1973.  "The Rehabilitation Act

prohibits recipients of federal financial assistance from discriminating against individuals with

disabilities." *Garrett v. Univ. of Ala. at Birmingham Bd of Trs.*, 507 F.3d 1306, 1310 (11th Cir.

2007).  To state a claim of disability discrimination under Section 504 of the Rehabilitation Act

of 1973, codified in 29 U.S.C. § 794, a plaintiff must plead that "(1) the plaintiff is an individual

with a disability under the Rehabilitation Act; (2) the plaintiff is otherwise qualified for

participation in the program; (3) the plaintiff is being excluded from participation in, being

denied the benefits of, or being subjected to discrimination under the program solely by reason of

his or her disability; and (4) the relevant program or activity is receiving federal financial

assistance." *H. v. Montgomery County Bd. of Educ.*, 784 F. Supp. 2d 1247, 1261 (M.D. Ala

2011) (citing *L.M.P. ex rel. E.P. v. Sch. Bd. of Broward Cnty., Fla.*, 516 F. Supp. 2d 1294, 1301

(S.D. Fla. 2007)).  Defendant argues that Mr. Williams fails to state a claim under Section 504

because "he never mentions or describes the disability that he claims exists," because he does not

"state precisely how he was discriminated . . . against," and because he alleges that the

discrimination was also due to his political affiliation, and not solely due to his disability.

The court agrees that Mr. Williams's failure to identify or describe his disability—or fact

supporting his allegation that he is regarded as disabled—is a deficiency in his complaint.

Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of

action" without supporting factual allegations do not meet Rule 8 standards.  *Twombly*, 550 U.S.

at 555, 557.

As to Defendants' argument that Mr. Williams did not state precisely how Defendants

discriminated against him, the court finds that Mr. Williams's complaint alleges facts to satisfy

the third element of the *prima facie* case, but does not plead facts for the second element.  The

7

complaint essentially alleges that ADIR falsified its findings, accusing Mr. Williams of making statements he never made, to deny him benefits because of his disability.  These allegations meet the requirement that he plead that "the plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability." *H*., 784 F. Supp. 2d at 1261.  Mr. Williams does not allege, however, that he was otherwise qualified for participation in the program; i.e., that he was otherwise eligible to receive unemployment compensation benefits.

Defendants' final argument—that Mr. Williams does not allege that the discrimination was solely due to his disability—may have been applicable to an earlier iteration of his complaint, but the current version makes no claim of discrimination based on political affiliation. Therefore, the court considers this argument moot.

Because Mr. Williams failed to allege sufficient factual allegations to support the first and second elements of his *prima facie* case for disability discrimination under Section 504 of the Rehabilitation Act, the court will DISMISS Count I of Mr. Williams's complaint WITHOUT PREJUDICE for Mr. Williams to refile.

### ii.   Count II: Retaliation under Section 504 of the Rehabilitation Act of 1973

Mr. Williams next alleges that ADIR retaliated against him because of his disability in violation of Section 504 of the Rehabilitation Act of 1973.  In the Eleventh Circuit, "the *prima facie* case for retaliation under the Rehabilitation Act is the same as that under the [Americans with Disabilities Act]."  *Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885, 891 (11th Cir. 2007) (citing *Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1526 n.2 (11th Cir.

1997)).  The plaintiff must show that "(1) he participated in a statutorily protected activity or expression; (2) he suffered an adverse action; and (3) the adverse action was related to the protected activity."  *Id*.  Defendants argue that Mr. Williams fails to state precisely how Defendants retaliated against him.

According to the complaint, Mr. Williams engaged in statutorily protected activity by filing his complaint of discrimination with the CRC on November 11, 2011.  (Doc. 29, ¶ 35).  Mr. Williams alleges that he suffered an adverse action when, on November 18, 2011, the Board of Appeals denied his application for leave to appeal without providing reasoning or findings to support the decision.  (Doc. 29, ¶ 22, 35, n. 17).  Although the wording of the complaint may not be overly specific or artfully crafted, it provides enough information to support an inference that the adverse action was causally related to the protected activity and even notes the temporal proximity between the two events.  (Doc. 29, ¶ 35, n. 17).  The court finds that the face of the complaint pleads the elements of a retaliation claim and that, absent any more specific attack from Defendants, the claim is not due to be dismissed.

### iii.    Count III: Deprivation of Plaintiff's Federal Statutory Rights under 42 U.S.C. § 1983

Count III of the complaint seeks injunctive relief against Defendant Thomas Surtees and Defendant Stephen McCormick, alleging that they deprived Mr. Williams of his federal statutory rights under 42 U.S.C. § 1983.  Section 1983 provides a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," but a § 1983 claim must show an underlying violation of the Constitution or of federal law.  42 U.S.C. § 1983; *see also Monroe v. Pape*, 365 U.S. 167, 171 (1961).  Specifically, Mr. Williams alleges that Defendants

Surtees and McCormick "deprived the Plaintiff of his guaranteed statutory rights to be free from retaliation," that they "took no steps to ensure that Plaintiff understood the procedure by which Plaintiff could secure an appeal," and that when "they were presented with an opportunity to correct this deprivation of Plaintiff's rights and provide the Plaintiff with due process, they refused." (Doc. 29, ¶¶ 39, 43, 44).

In response to his allegations that Defendants Surtees and McCormick took "no steps" to ensure that Mr. Williams understood his appeal procedure and refused to provide him with due process, Defendants point out that "both the Decision of the Administrative Hearing Officer and the Disallowance by [ADIR]'s Board of Appeals contain information about how to appeal the respective decisions." Defendants are correct. Mr. Williams's own exhibits, which he attached to his complaint, include specific instructions on how to appeal, contradicting the allegations made in the complaint. (Doc. 1, Exhibits H, I). Therefore, the court will DISMISS these portions of Count III WITH PREJUDICE.

The remaining portion of Count III claims that Defendants Surtees and McCormick "deprived the Plaintiff of his guaranteed statutory rights to be free from retaliation." To support the existence of an underlying right, Mr. Williams cites the First Amendment right to petition the government for redress of grievances, the Fourteenth Amendment equal protection and due process rights, and the anti-retaliation provisions of the Rehabilitation Act. (Doc. 29, ¶ 39-40, n. 19-22).

To the extent Count II relies on an underlying Rehabilitation Act violation, it cannot be maintained. The Supreme Court has held that federal statutes creating specific enforcement regimes evidence Congress's intent to foreclose § 1983 as a general remedy. *Middlesex Cnty.*

10

*Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981) ("When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983."); *see also City of Ranch Palos Verdes, Cal. v. Abrams*, 544 U.S. 113 (2005).

Consistent with this reasoning, the Eleventh Circuit has held that "a plaintiff may not maintain a section 1983 action in lieu of–or in addition to–a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA." *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (1997).  The Court explained that "[t]o permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenues of redress as well as section 1983 would be duplicative at best; in effect, such a holding would provide the plaintiff with two bites at precisely the same apple."  *Id*. As such, Mr. Williams cannot maintain § 1983 claims where the underlying violation of federal law is based on the Rehabilitation Act.

However, Mr. Williams bases the retaliation portion of Count III on the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment and on the First Amendment. Defendants do not present any arguments as to why this part of Count III should be dismissed, and the court will not craft any for them. Therefore, the court will DISMISS WITH PREJUDICE the portion of Count III that alleges retaliation based on the Rehabilitation Act, but will DENY the motion to dismiss as to the portions of Count III that allege retaliation based on underlying constitutional violations.

## B.    Administrative Exhaustion

The other argument to which Defendants devote any significant time is their argument

11

that Mr. Williams failed to exhaust his administrative remedies.  Defendants attach various state

court filings in an attempt to show that Mr. Williams did not finish appealing his denial of

unemployment benefits through the state court system.  The court does not have to decide

whether to consider these exhibits at this point, because Defendants did not lay the necessary

groundwork for an exhaustion argument in the first place.

Although Defendants briefly state that "[i]t is a mainstay of administrative procedure that

a party must exhaust all applicable administrative remedies before seeking relief in the courts,"

their citation for this proposition is a state court case that does not address the *federal* causes of

action under which the Mr. Williams brings his claims.  (Doc. 33, pg. 8) (citing *Ex parte Worley*,

46 So. 3d 916, 921 (Ala. 2009)).  Defendants cite no authority for the proposition that exhaustion

is required for the specific claims that Mr. Williams brings. In fact, the court's cursory review of

the law on this matter reveals that exhaustion may not be required for claims under Section 504

of the Rehabilitation Act.  *See Morales v. Ga. Dept. of Human Res., Dept. of Human Res., Div. of*

*Family & Children Servs.*, 446 Fed. Appx. 179, 181 (11th Cir. 2011) ("an action against a non-

federal employer under the Rehabilitation Act does not require exhaustion of administrative

remedies").  Therefore, the court will DENY Defendants' motion on these grounds.

### C.    Collateral Estoppel, Res Judicata, and *Rooker-Feldman* Doctrine

Defendants very briefly argue that Mr. Williams's claims should be dismissed under the

doctrines of collateral estoppel, res judicata, and the *Rooker-Feldman* Doctrine.  All three of

these arguments rely on the court's consideration of the state court documents attached as

exhibits to Defendants' motion. Defendants argue that these exhibits can be considered without

converting the motion to one for summary judgment because they are "(1) central to the

plaintiff's claim and (2) undisputed."  (Doc. 33, pg. 4, n. 2) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Defendants state, without explaining, that these two requirements are met, but the court disagrees. Defendants even acknowledge that "plaintiff failed to mention several important elements of his unemployment claim"—namely, these state court decisions.  (Doc. 33, pg. 4). These documents are not central to Mr. Williams's claim, as he focused on the discrimination that he alleges occurred within the administrative agency—not during the state court appeal. Furthermore, Defendants do not make any argument that these documents should be considered under any other exception or rule. Therefore, the court will DENY Defendants' motion on these grounds.

### D.    Other Defenses

Defendants list the following defenses without including any explanation of their application to this case: sovereign immunity, statute of limitations, lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and failure to join a party under Rule 19.  The court is not required to make arguments for the Defendants that the Defendants fail to make for themselves. *See U.S. v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006) ("We may decline to address an argument where a party fails to provide arguments on the merits of an issue in its initial or reply brief."); *see also Allen v. Cypress Village, LTD*, No. 3:10-CV-994-WKW, 2011 WL 2559614 at *2 (M.D. Ala. June 27, 2011) ("Defendants' cursory and unsupported argument is reason enough to deny the motion to dismiss").

**IV.     CONCLUSION**

For these reasons, the court will GRANT IN PART and DENY IN PART Defendants' motion and DISMISS Count I of this action WITHOUT PREJUDICE and DISMISS Count III in part WITH PREJUDICE except for the specific portion alleging retaliation in violation of constitutional provisions.  Count II and the discreet portion of Count III remain in the case. Mr. Williams has until June 2, 2014 to amend Count I of his complaint so as to sufficiently plead his claim.

DONE and ORDERED this 12th day of May, 2014.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE