FILED

2014 Nov-13  AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **ORLANDO WILLIAMS,** ] | |
| ] | |
|    **Plaintiff,** ] | |
| ] | |
| **v.** ] | **Case No.: 4:13-cv-1825-KOB** |
| ] | |
| **ALABAMA DEPARTMENT** ] | |
| **INDUSTRIAL RELATIONS, et al,** ] | |
| ] | |
|    **Defendants.** ] | |

## MEMORANDUM OPINION

This matter comes before the court on the "Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 54(b)." (Doc. 69; Doc. 70). Plaintiff Orlando Williams, proceeding *pro se*, sued Defendants Alabama Department of Industrial Relations ("ADIR"), Thomas Surtees, and Stephen McCormick. (Doc. 50). In his complaint, Williams claimed disability discrimination ("Count I") and retaliation ("Count II") under Section 504 of the Rehabilitation Act of 1973, as well as "deprivation of Plaintiff's federal statutory rights" under 42 U.S.C. § 1983 ("Count III"). (Doc. 50).

The Defendants moved to dismiss Williams' third amended complaint. (Doc. 33). The court dismissed Count I without prejudice and  portions of Count III with prejudice. (Doc. 48). Williams then filed a fourth amended complaint but the fourth amended complaint did not remedy the deficiencies in Count I. (Doc. 50). The court gave Williams multiple opportunities to amend Count I of his fourth amended complaint. (Doc. 54; Doc. 58). Finally, the court dismissed Count I of Williams' fourth amended complaint with prejudice because Williams failed to

properly allege his disability and the "otherwise qualified" element of his claim. ("the motion to dismiss order"). (Doc. 60). Thus, only Count II and the portions of Count III alleging retaliation in violation of constitutional provisions of Williams' fourth amended complaint remain in the case.

Williams now asks the court to certify the motion to dismiss order as an appealable final judgment under Rule 54(b). Alternatively, Williams asks the court to recommend the grant of an interlocutory appeal to the Eleventh Circuit under 28 U.S.C. § 1292(b).

Courts do not often allow parties to appeal cases in pieces because cases are much easier to manage when all issues stay before one court rather than moving up and down on appeal independently. This practice helps the court run more efficiently and preserves judicial economy. Therefore, only a final judgment or a discrete category of interlocutory orders may be appealed to the Eleventh Circuit. For the reasons discussed below, the court's motion to dismiss order, (Doc. 60), is not yet appealable.

## I.     Rule 54(b) Final Judgment

Williams asks the court "for certification of final order" for the motion to dismiss order. Essentially, Williams requests that the court enter a final judgment under Rule 54(b) for his dismissed Count I claim so that Williams can immediately appeal the dismissal of the claim.[1] The court declines to enter a final judgment at this time.

Generally, a party can only appeal a final order. "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "[A]

---

[1]Williams has already attempted to appeal the dismissal of Count I once. (Doc. 61). The Eleventh Circuit denied his appeal for lack of jurisdiction. (Doc. 68).

decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999).

"[T]he Supreme Court has interpreted the term 'final decision' in § 1291 to permit jurisdiction over appeals from a small category of orders that do not terminate the litigation." *W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., L.P.*, 566 F.3d 979, 984 (11th Cir. 2009). "That small category includes only decisions [1] that are conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* This test is called the collateral order doctrine. Here, the court's motion to dismiss order is not appealable under the collateral order doctrine because it does not resolve important questions separate from the merits of the remaining claims and is reviewable on appeal from a final judgment.

Further, the court's order is not a "final decision" under 28 U.S.C. § 1291 because not all of Williams' claims are dismissed. "Ordinarily . . . an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). However, a court *may* enter a final judgment on only part of the litigation. Under Rule 54(b), "[w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court **may** direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**." (emphasis added).

A two-part test exists to determine whether a partial final judgment may properly be certified under Rule 54(b). "First, the court must determine that its judgment is, in fact, both final and a judgment. That is, the court's decision must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a judgment in the sense that it is a decision upon a cognizable claim for relief." *Lloyd Noland Found.*, 483 F.3d at 777-78 (internal quotation marks omitted). "Second, having found that the decision was a final judgment, the district court must then determine that there is no just reason for delay in certifying it as final and immediately appealable." *Id.* (internal quotation marks omitted).

Here, the court finds that certification of final judgment is not appropriate for the motion to dismiss order. The motion to dismiss order could be a "final judgment." A judgment is final when it "disposes entirely of a separable claim or dismisses a party entirely." *Lloyd Noland Found.*, 483 F.3d at 777-78. Williams' complaint had three claims. (Doc. 50). Count I is Williams' Rehabilitation Act Disability Discrimination claim; Count II is Williams' Rehabilitation Act Rehabilitation claim; and Count III is Williams' "deprivation of Plaintiff's federal statutory rights" under 42 U.S.C. § 1983 claim. Count I, the claim Williams presumably wishes to appeal, is entirely separable from Williams' other claims.

The claims are separable because "there is more than one possible recovery" available to Williams and his asserted avenues of recovery are not "mutually exclusive, or substantially overlap[ing]." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995). This case is not like *Lloyd Noland Foundation*, where the plaintiff's common law indemnification and contractual indemnification claims were alternative theories for the same recovery. *See* 483 F.3d at 781.

Williams could potentially have recovered separately for Count I, Counts I, and Count III.

However, the court does find that reason for delay in certifying the motion to dismiss order as final and immediately appealable exists. "The district court must act as a dispatcher and exercise its discretion in certifying partial judgments in consideration of judicial administrative interests including the historic federal policy against piecemeal appeals and the equities involved." *Lloyd Noland Found.,* 483 F.3d at 778. If Williams could immediately appeal the motion to dismiss order, the appeal would proceed piecemeal. The same factual scenario undergirds all of Williams' claims. If appealed, those same facts would be presented to the appellate court. Judicial economy would be thwarted. Thus, Rule 54(b) certification is not appropriate.

"[T]he District Court . . . is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). Here, the court is not ready to dispatch the motion to dismiss order to the Eleventh Circuit.

## II.      Interlocutory Appeal

Williams also asks the court for a "certification of interlocutory" of the court's motion to dismiss order. Essentially, Williams asks the court to recommend its order as suitable for interlocutory appeal to the Eleventh Circuit under 28 U.S.C. § 1292(b). This section states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, **shall be of the opinion** that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added).

When entering the motion to dismiss order, the court did not opine that any "controlling question of law as to which there is a substantial ground for difference of opinion" existed. Indeed, this case does not present any such question. Nothing has changed between the time of the court's order and Williams' motion. Further, Williams' motion provides no justification for why the court should reconsider its previous ruling. Finally, this case does not involve any real questions as to the controlling law and allowing an interlocutory appeal would delay instead of advance the ultimate determination of the litigation.

### III.    Conclusion

In summary, Williams' dismissed claim in Count I of his complaint is not yet appealable. The court declines to certify the motion to dismiss order as a final judgment under Rule 54(b) because factual issues on Williams' other, related claims remain. Further, the court finds no reason to revisit its prior ruling and recommend the grant of an interlocutory appeal to the Eleventh Circuit. Therefore, the court **DENIES** Williams' motion.

**DONE** and **ORDERED** this 13th day of November, 2014.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE