FILED
2016 Mar-15 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**ORLANDO V. WILLIAMS,**　　　　　　}
　　　　　　　　　　　　　　　　　　}
　　**Plaintiff,**　　　　　　　　　 }
　　　　　　　　　　　　　　　　　　}
**v.**　　　　　　　　　　　　　　　 }　　**4:13-cv-1825-KOB**
　　　　　　　　　　　　　　　　　　}
**ALABAMA DEPARTMENT OF**　　　　　 }
**INDUSTRIAL RELATIONS, ET AL.,**　 }
　　　　　　　　　　　　　　　　　　}
　　**Defendants.**　　　　　　　　　}
　　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　}

## MEMORANDUM OPINION

This matter comes before the court on "Plaintiff Orlando V. Williams' Motion for Summary Judgment and Supporting Brief," (doc. 84), and "Defendants' Motion for Summary Judgment," (doc. 86). Plaintiff Orlando Williams sued the Alabama Department of Industrial Relations,[1] Thomas Surtees, and Stephen McCormick alleging violations of 29 U.S.C. § 794, and 42 U.S.C. § 1983. The court held a hearing on the parties' motions for summary judgment on March 9, 2015.

For the reasons stated on the record during the hearing and as summarized below, the court finds the Plaintiff's motion for summary judgment (doc. 84) is due to be DENIED; Defendants' motion for summary judgment (doc. 86) is due to be GRANTED; and Plaintiff's

---

[1] The court notes that the Alabama Department of Industrial Relations (ADIR) has been renamed the Alabama Department of Labor (ADOL), and the Defendants refer to the ADIR as the ADOL. Plaintiff has never amended the complaint to use the new name. For purposes of this Memorandum Opinion, the court will refer the state entity defendant as the Alabama Department of Labor.

1

claim against Defendant Surtees is MOOT.

Specifically, the court FINDS that Williams has failed to establish his *prima facie* case as to the claims in Count II asserting that Defendant ADOL retaliated against Williams in violation of the Rehabilitation Act.  Williams contends that ADOL retaliated against him when it issued to him a notice disallowing his appeal to the Board <u>without findings</u> after he filed a complaint with the Civil Rights Center of the U.S. Department of Labor alleging that ADOL discriminated against him on the basis of disability and political affiliation.

To establish a prima facie case of retaliation claim under the Rehabilitation Act, a Plaintiff must show that (1) he participated in a statutorily protected activity or expression; (2) that he suffered an adverse action; and (3) the adverse action was related to the protected activity. *Albra v. City of Fort Lauderdale*, 232 Fed. App'x 885, 891 (11th Cir. 2007).  Although the parties do not dispute that Williams engaged in statutorily protected activity by filing the CRC complaint, Williams failed to establish that he suffered an adverse action.  Similarly, even if disallowing his appeal without express findings were an adverse action, Williams failed to establish that issuing the notice disallowing his appeal without findings was related in any way to his CRC complaint.  Therefore, as more fully explained on the record, the court Denies Plaintiff's motion for summary judgment and Grants Defendant ADOL's motion for summary judgment as to Count II.

In Count III, the Plaintiff alleges that Defendants Surtees and McCormick violated his First Amendment right to redress grievances in violation of 42 U.S.C. § 1983. Plaintiff requests a "prospective, permanent injunction enjoining Surtees and McCormick, their agents, successors, employees, attorneys, and those acting in concert with Surtees and McCormick or at Surtees and

McCormick request from violating § 1983." (Doc. 50 at 12-15).  First, Defendant Surtees no longer works for ADOL.  Therefore, Plaintiff's claims against Defendant Surtees is MOOT.

Further, the court lacks jurisdiction over Plaintiff's § 1983 claim seeking an injunction against Defendant McCormick (and Surtees) because Plaintiff lacks standing. "Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Therefore, "[t]he plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* at 101-102. As stated on the record, the court finds that Plaintiff has not established that he will face any real and immediate injury in the future, and Plaintiff, therfore, fails to allege an actual case or controversy.  Although the court lacks jurisdiction, the court notes that Plaintiff's claims in Count III would also fail for the same reasons as Count II because Plaintiff did not suffer an adverse action and Plaintiff failed to establish that the ADOL's decision to disallow his appeal without written findings was related to his filing of the CRC complaint.

The court specifically finds that no issues of material fact exist and that the Defendants are entitled to judgement as a matter of law.

DONE and ORDERED this 15th day of March, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE